IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALABAMA STATE PORT AUTHORITY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 08-00058-CG-B |
| | ) |
| CHINA OCEAN SHIPPING (GROUP) | ) |
| COMPANY, et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

This matter is before the court on the motion of plaintiff, Alabama State Port Authority

("ASPA"), for leave to amend complaint (Doc. 21), the objection thereto of  China Ocean

Shipping (Group) Company, Skywide Shipping, Inc., COSCO Bulk Carrier Co., Ltd., China

Ocean Shipping Americas Inc., COSCO Bulk Carrier Americas, Inc. (collectively the COSCO

defendants") (Doc. 23), the objection of Parker Towing Company, Inc, (Doc. 24)[1], plaintiff's

response to the objections (Doc. 25), and the COSCO defendant's reply (Doc. 29).

This case involves the breaking away of one or more barges while maneuvering the M/V

SEA ILEX, which allegedly resulted in damage to the ASPA's McDuffie Island Terminal Berth

No. 1. (Doc. 1, ¶¶ 12, 13).   The complaint asserts negligence claims against the owners,

operators and charterers of the M/V SEA ILEX and the owners, operators, and charterers of the

tug M/V CHARLES HAUN and its respective multi-barge tow. (Doc. 1, ¶ 14, 15).  The

complaint seeks damages, "plus attorneys' fees, interests, and costs, and for such other, further,

---

[1] Parker Towing Company's objection simply adopts the objection filed by the COSCO
defendants.

and different relief as justice may require." (Doc. 1, p. 6).  ASPA seeks to amend its complaint

"to fully plead the basis for Plaintiff's existing claim for attorneys' fees and costs." (Doc. 21).

The proposed amended complaint separates the action into two counts, the first asserting a

negligence claim and the second, asserting a breach of contract claim. (Attachment to Doc. 21).

This new contract claim is based on the defendants' alleged contractual consent, through their

use of the port facilities, to the terms of Alabama Docks Bulk Division Tariff No. 2.   According

to the proposed amended complaint, the tariff at issue requires that persons using an ASPA

facility repair any damage they cause.   The tariff further provides that if a person fails to make

such repairs, the person shall pay to the ASPA the costs incurred to make such repairs plus 25

percent of such costs.  In addition, the tariff provides for reasonable attorneys fees if a suit must

be brought to collect the money owed.  Defendants object to the ASPA's proposed amendment.

The parties agree that under FED. R. CIV. P. 15(a), leave to amend should be "freely given

when justice so requires."  "[T]he rule contemplates that leave shall be granted unless there is a

substantial reason to deny it." Halliburton & Assocs., Inc. v. Henderson, Few & Co., 774 F.2d

441, 443 (11th Cir. 1985); see also Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407  (11th

Cir. 1989) ("[U]nless a substantial reason exists to deny leave to amend, the discretion of the

district court is not broad enough to permit denial.").  However, defendants assert that the

proposed amendment would be futile.

A district court need not grant leave to amend:

(1) where there has been undue delay, bad faith, dilatory motive, or repeated
failure to cure deficiencies by amendments previously allowed; (2) where
allowing amendment would cause undue prejudice to the opposing party; or (3)
where amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182, 83
S.Ct. 227, 9 L.Ed.2d 222 (1962).

Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).  "When a district court denies the

plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that

the complaint, as amended, would necessarily fail."  St. Charles Foods, Inc. v. Am.'s Favorite

Chicken Co., 198 F.3d 815, 822-23 (11th Cir. 1999).  The futility threshold is akin to that for a

motion to dismiss; thus, if the amended complaint could not survive Rule 12(b)(6) scrutiny, then

the amendment is futile and leave to amend is properly denied.  See, e.g., Burger King Corp. v.

Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999) (denial of leave to amend justified by futility

when "complaint as amended is still subject to dismissal"); Florida Power & Light Co. v. Allis

Chalmers Corp., 85 F.3d 1514, 1520 (11th Cir. 1996) (amendment is futile if cause of action

asserted therein could not withstand motion to dismiss); Amick v. BM & KM, Inc., 275 F.

Supp.2d 1378, 1381 (N.D. Ga. 2003) ("In the Eleventh Circuit, a proposed amendment is futile

when the allegations of the proffered complaint would be unable to withstand a motion to

dismiss.").  It follows that the burden is upon the defendant to demonstrate that the allegations of

the proposed amended complaint would be unable to withstand a motion to dismiss.

Defendants assert that the tariff provisions contradict and are therefore preempted by the

federal admiralty law.  Defendants argue that the measure of damages in a maritime case is

generally the market value of the property just before the loss and does not include loss of use or

other consequential damages.  Defendants also assert that the prevailing party's attorneys fees

are generally not recoverable in admiralty cases.  As such, defendants contend that the

amendment is futile and should not be allowed.   In support of their contention, defendants cite

Tampa Port Authority v. M/V Duchess, 65 F.Supp.2d 1279 (M.D. Fla. 1997).  Plaintiff, on the

other hand, asserts that this decision by the Middle District of Alabama is not binding authority

in this case and that defendants have misrepresented its holding.

In Tampa Port Authority (TPA), the port authority sued a vessel that had allided with the port authority's pier.  The port authority alleged that it was entitled to the costs of repairing the damage to the pier plus twenty percent of the cost of repair as well as attorney fees as provided in its tariff and regulations.  The Middle District of Alabama found that the tariff provisions regarding attorney fees and damages contradict federal admiralty law and therefore are preempted. Id. at p. 1295-96.  The decision was later affirmed without opinion by the Eleventh Circuit. Tampa Port Authority v. M/V Duchess, 184 F.3d 822 (11th Cir. 1999).   However, as ASPA points out, the complaint in TPA did not assert a breach of contract claim, but "merely alleged that the tariff and regulations are the source for calculation of plaintiffs' damages." Id. at p. 1294.  Thus, the issue in TPA was only as to whether the tariff applied to the plaintiffs' negligence claim.

In the instant case, ASPA's proposed amended complaint asserts its demand for repair costs plus 25 percent under a claim for breach of contract.  The court is not persuaded that the decision in TPA precludes the recovery requested under ASPA's breach of contract claim.  The court also notes that a request for attorneys' fees is already included in the original complaint. Thus, disallowing the amendment to the complaint would not do away with ASPA's request for attorneys' fees.   Moreover, defendants have not shown that ASPA's breach of contract claim itself is futile, but have only argued that the damages sought under the breach of contract claim exceed what is allowable under admiralty law.  The court will not deny the addition of a claim based solely on a dispute over the measure of damages.  The court finds that defendants have not demonstrated that the ASPA's breach of contract claim would necessarily fail.

## CONCLUSION

For the reasons stated above, plaintiff's motion for leave to amend complaint (Doc. 21) is

**GRANTED** and the **Clerk** is **DIRECTED** to **Docket** the proposed amended complaint attached

to plaintiff's motion.

**DONE and ORDERED** this 21st day of October, 2008.

/s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE